# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

_____

TL-1 DOE,
c/o Tiveron Law, PLLC                                    **SUMMONS**
2410 North Forest Rd., Ste. 301
Amherst, New York 14068,

        Plaintiff,                   Index No.:

v.

CITY OF BUFFALO,
65 Niagara Square
Buffalo, New York 14202

DETECTIVE SERGEANT ANTHONY FANARA,
Individually and in his Official Capacity as a Detective
Sergeant of the Buffalo Police Department,
68 Court Street
Buffalo, New York 14202,

RONALD J. AMMERMAN, Individually and in his
Official Capacity as a Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202.

JAKE J. GIARRANO, Individually and in his
Official Capacity as a Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202


COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202,

ERIE COUNTY DISTRICT ATTORNEY'S OFFICE
25 Delaware Avenue
Buffalo, New York 14202,

        Defendants.

_____

{H4024028.1}                                                                    1

**Tiveron Law, PLLC**
**2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068**
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
1 of 19

**YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action and to serve a copy of your Answer on the Plaintiff's attorneys, Tiveron Law, PLLC, within 20 days after the serve of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, Judgment will be taken against you by Default for the relief demanded in the Complaint.

Plaintiff files pseudonymously pursuant to *PB-7 Doe v. Amherst Central School District*, 196 A.D.3d 9 (4th Dept. 2021); *Anonymous v. Anonymous*, 158 A.D.2d 296 (1st Depot. 1990).

Dated: December 16, 2024
Amherst, New York

**TIVERON LAW, PLLC**

_____
Steven M. Cohen, Esq.
*Attorneys for TL-1 Doe*
2410 North Forest Road, Ste. 301
Amherst, New York 14068
Telephone: 716-636-7600
Email: scohen@tiveronlaw.com

{H4024028.1}

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

2

2 of 19

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

TL-1 DOE,
c/o Tiveron Law, PLLC           **COMPLAINT**
2410 North Forest Rd., Ste. 301
Amherst, New York 14068,

       Plaintiff,           Index No.:

v.

CITY OF BUFFALO,
65 Niagara Square
Buffalo, New York 14202

DETECTIVE SERGEANT ANTHONY FANARA,
Individually and in his Official Capacity as a Detective
Sergeant of the Buffalo Police D,
68 Court Street
Buffalo, New York 14202,

RONALD J. AMMERMAN, Individually and in his
Official Capacity as a Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202,

JAKE J. GIARRANO, Individually and in his
Official Capacity as a Buffalo Police Officer,
68 Court Street
Buffalo, New York 14202

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202,

ERIE COUNTY DISTRICT ATTORNEY'S OFFICE
25 Delaware Avenue
Buffalo, New York 14202,

       Defendants.

---

{H4024028.1}                                                                    3

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
3 of 19

Plaintiff, **TL-1 DOE**, by and through her attorneys, TIVERON LAW, PLLC as and for her Complaint alleged as follows:

## PARTIES

1. Plaintiff, **TL-1 DOE** ("Plaintiff"), was at all times relevant herein a natural person residing at 920 Sycamore Street, Buffalo, New York 14211.

2. Defendant, **CITY OF BUFFALO** (hereinafter referred to as "COB"), was at all times relevant herein a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York with offices to conduct business located in the City of Buffalo, State of New York and County of Erie. The Buffalo Police Department (hereinafter referred to as "BPD") is a department owned, managed and under the control of the **COB**.

3. Defendant **DETECTIVE SERGEANT ANTHONY FANARA** (hereinafter referred to as "FANARA") at all times relevant herein, was and is an employee of the **COB** and the **BPD** and was in the course and scope of his duties as a police officer on the date and at the time of the within incidents.

4. Defendant **RONALD J. AMMERMAN** (herein referred to as "AMMERMAN") at all times relevant herein was and is an employee of the **COB** and the **BPD** and was in the course and scope of his duties as a police officer on the date and at the time of the within incidents.

5. Defendant **JAKE J. GIRRANO** (herein referred to as "GIARRANO") at all times relevant herein was and is an employee of the **COB** and the **BPD** and was in the course and scope of his duties as a police officer on the date and at the time of the within incidents.

6. Defendant **COUNTY OF ERIE** (hereinafter referred to as "ERIE") was at all times relevant herein a municipal corporation duly organized and existing under and pursuant to the

{H4024028.1}                                                                    4

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
4 of 19

laws of the State of New York with offices to conduct business located in the City of Buffalo, State of New York and County of Erie.

7. Defendant **ERIE COUNTY DISTRICT ATTORNEY's OFFICE** (hereinafter referred to as "ECDA') at all times relevant herein, was a division, entity, department, subsidiary and/or agent of the Defendant **ERIE**, and is governed by **ERIE** and the laws of the State of New York.

## CONDITION PRECEDENT

8. Prior to commencement of this action and on or about July 14, 2023, a Notice of Claim setting forth Plaintiff's claims, and the times and places where the injuries alleged herein were incurred and sustained, was served on **COB, ERIE**, the City of Buffalo Police Department and the Erie County Sherriff's Department within 90 days after the accrual of respective causes of action, pursuant to General Municipal Law § 50-e (**Exhibit A**).

9. Prior to the commencement of this action and on or about February 8, 2024, an Amended Notice of Claim setting forth Plaintiff's claims and the times and places where the injuries alleged herein were incurred and sustained, was served upon **COB, ERIE, ECDA** within 90 days of the dismissal of all criminal charges filed against Plaintiff, pursuant to General Municipal Law § 50-e (**Exhibit B**).

10. This action commenced within one year and ninety days after the causes of action have accrued and more than thirty days after serving the Notice of Claim.

## FACTUAL BASIS

11. On or about February 5, 2023 and continuing through April 17, 2023, after an altercation at the home of Plaintiff involving her minor sons and the Complainant in the criminal matter, Defendants **FANARA,** and the **COB** through the BPD threatened to charge Plaintiff with a

{H4024028.1}        5

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
5 of 19

crime they knew or should have known that Plaintiff did not commit, unless Plaintiff gave them specific information that they were demanding.

12. Several eye witnesses, and the complainant himself all provided statements to **FANARA** stating that Plaintiff was **NOT** the perpetrator.

13. On or about April 17, 2023, **FANARA** advised Plaintiff's counsel that he could accompany Plaintiff to turn herself in the next day. Plaintiff's counsel made arrangements to do so. Defendant **FANARA** then sent **AMMERMAN, GIRRANO** and other BPD officers to the Plaintiff's home to arrest her that same evening, which also happened to be the holiest night of Ramadan, for a violation of Penal Law 120.25 (Reckless Endangerment, 1st Degree).

14. On or about the evening of April 17, 2023, **FANARA, AMMERMAN, GIRRANO** and BPD officers forced Plaintiff, a devout Muslim, to remove all of her clothing and submit to a strip search in the presence of male officers. They also forced Plaintiff to remove her hijab, niquab, chador, burqa and undergarments, refusing to return them until her release the next day.

15. For a traditional Muslin woman, being rendered naked before men to whom she is not married, referred to as uncovering the "Awrah", is emotionally very traumatic.

16. On April 18, 2023, Plaintiff was arraigned in Buffalo City Court on the Reckless Endangerment charges. At that time Plaintiff's counsel provided video to the Court and **ECDA** showing them that Plaintiff was **NOT** the perpetrator. Plaintiff's counsel met with Michael W. Held, Esq., Assistant District Attorney, to view the videos at the office of the **ECDA** immediately after that appearance. Mr. Held later advised that it was the decision of the **EDCA** to move forward with the Reckless Endangerment charges.

17. On or about May 22, 2023, Plaintiff's counsel again met with members of the **ECDA** to discuss the video evidence and the matters before the Buffalo City Court.

{H4024028.1}

6

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

6 of 19

18. On or about July 11, 2023, Plaintiff appeared with counsel before Hon. Peter J. Savage, III, for a felony hearing in which the People were not ready. At that time the **ECDA** offered a plea to Penal Law 120.14, Menacing in the 2nd Degree. Plaintiff declined to accept the plea.

19. On July 25, 2023 the Complainant's attorney provided Plaintiff's attorney with a sworn Affidavit stating that he has already advised the BPD, **FANARA** and **ECDA**. that Plaintiff did **NOT** shoot the gun and that he gave his statement in writing to the BPD and **FANARA** that Plaintiff **NEVER** shot the gun.

20. On or about September 14, 2023, Plaintiff and her counsel appeared in Buffalo City Court and served a Motion to Dismiss the Reckless Endangerment Charge. At that time the **ECDA** filed a Misdemeanor Complaint for a violation of Penal Law 120.14 (Menacing in the 2nd Degree) and the Reckless Endangerment charge was dismissed.

21. The Complainant had previously been identified as a suspect in an earlier firebombing of Plaintiff's car.

22. On or about December 13, 2023, Plaintiff appeared for trial in Buffalo City Court; however, the Claimant in that action did not. The case was placed on the reserve calendar for two weeks pending a motion to restore to calendar from the **ECDA.**

23. On or about December 28, 2023, the Menacing charges were dismissed against Plaintiff and the **ECDA** did not file a motion to restore it to the calendar.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT COB FOR MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. SECTION 1983

24. Plaintiff repeats, and re-alleges those allegations contained in paragraphs 1-23 as if fully set forth herein.

{H4024028.1}                                                                    7

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
7 of 19

25. At all times mentioned herein, Defendants **FANARA**, **GIRRANO** and **AMMERMAN** were acting in the course of their employment as with the **COB** and the BPD.

26. Defendants **FANARA**, **AMMERMAN**, **GIRRANO** and the Buffalo Police Department were acting under the color of law and caused a deprivation of Plaintiff's Constitutional rights by seizing, falsely arresting, and treating her as previously described.

27. Upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the Defendant **COB** and the BPD to fail to adequately train and supervise its employees.

28. By overlooking, excusing, or disregarding the wrongful conduct of its police officers, including but not limited to Defendants **FANARA**, **AMMERMAN**, **GIRRANO** the **COB** and Buffalo Police Department have adopted a rule or unwritten policy of deliberate indifference to unlawful conduct as complained of herein.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT COB FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff repeats, and re-alleges those allegations contained in paragraphs 1-28 as if fully set forth herein.

30. On February 5, 2023, hours after her vehicle was fire bombed, Plaintiff was lawfully present in front of her home located at 920 Sycamore Street, Buffalo New York, with members of the community present, when a man approached her and her family violently striking her minor son in the face. An altercation occurred and the man who assaulted Plaintiff's son was chased, and gun shots were reported.

31. The BPD responded to the incident and took statements from several witnesses, as well as from the man who assaulted Plaintiff' son. Every witness to the incident said it was a **male** who shot at and chased the man who assaulted Plaintiff's son.

{H4024028.1}

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

8

8 of 19

32. On or about April 17, 2023, Defendant **FANARA** advised Plaintiff that if she did not tell him who the shooter was that he would arrest her for attempted murder or reckless endangerment knowing full well that it was not Plaintiff who shot at the man that assaulted her son.

33. On or about April 17, 2023, Defendant **FANARA** did advise Plaintiff's counsel that he would allow him to accompany Plaintiff to turn herself in the next day. At approximately 6:30 p.m. that same evening, Defendant **FANARA**, sent Defendant **AMMERMAN, GIRRANO** and other BPD officers to Plaintiff's home to arrest her/ for a crime he knew she did not commit on the holiest night of Ramadan.

34. The seizure, detention and restraint of Plaintiff was without cause.

35. Once in custody of the BPD, Plaintiff, a deeply religious Muslim woman, was forced to strip for a body search in the presence of male officers. She was also forced to remove her hijab, niquab, chador, burqa and her under clothes which were kept from her until her release the next day.

36. That by their conduct and under the circumstances known to them, Defendants **FANARA, AMMERMAN and GIRRANO,** intended to cause severe emotional distress and such conduct made it certain that such distress would follow.

37. That the aforementioned conduct of Defendants **FANARA, AMMERMAN, GIRRANO, COB** and the BPD directly and proximately caused the Plaintiff severe emotional injury and distress.

{H4024028.1}

9

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

9 of 19

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT COB FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats, and re-alleges those allegations contained in paragraphs 1-37 as if fully set forth herein.

39. On February 5, 2023, Plaintiff was lawfully present in front of her home located at 920 Sycamore Street, Buffalo New York when a man approached her and her a family violently striking her minor son in the face. An altercation occurred and the man who assaulted Plaintiff's son was chased, and gun shots were reported. This altercation occurred hours after her vehicle was firebombed in her driveway.

40. The Buffalo Police Department responded to the incident and took statements from several witnesses and the man who assaulted Plaintiff' son. Every witness to the incident said it was a **male** who shot at and chased the man who assaulted Plaintiff's son, including the Complainant.

41. On or about April 17, 2023, Defendant **FANARA** advised Plaintiff that if she did not tell him who the shooter was that he would arrest Plaintiff for attempted murder and/or reckless endangerment knowing full well that it was not Plaintiff who shot at the man who assaulted her son.

42. On or about April 17, 2023, Defendant **FANARA** did advise Plaintiff's counsel that he would allow him to accompany Plaintiff to turn herself in the next day and Plaintiff's counsel made arrangements to do so. At approximately 6:30 p.m. that same evening, Defendant **FANARA**, sent Defendants **AMMERMAN and GIRRANO** to Plaintiff's home to arrest her for a crime he knew she did not commit on the holiest night of Ramadan.

{H4024028.1}

10

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

10 of 19

43. Once in custody of the Buffalo Police Department, Plaintiff, a deeply religious Muslim woman, was forced to strip for a body search in the presence of male officers. She was also forced to remove her hijab, niquab, chador, burqa and her under clothes which were kept from her until her release the next day.

44. That the aforesaid mentioned conduct of the Buffalo Police Department and Defendants **FANARA**, **AMMERMAN** and **GIRRANO**, who were acting under the color of law, in their capacity as BPD officers, caused the Plaintiff to reasonably fear for her personal safety.

45. That the Plaintiff did not consent to the actions of Defendants **FANARA, AMMERMAN, GIRRANO** and the BPD.

46. That the conduct of the BPD and Defendants **FANARA, AMMERMAN, GIRRANO** and the BPD was not just, authorized or privileged.

47. That the conduct of Defendants **FANARA, AMMERMAN, GIRRANO** and the BPD was so shocking, outrageous that it exceeded all reasonable bounds of decency.

48. That the aforementioned conduct of the **COB**/BPD and Defendants **FANARA, AMMERMAN** and **GIRRANO** directly and proximately caused the Plaintiff severe emotional injury and distress.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT COB FOR MALICIOUS ABUSE OF LEGAL PROCESS

49. Plaintiff repeats, and re-alleges those allegations contained in paragraphs 1-48 as if fully set forth herein.

50. Defendant **FANARA**, while acting under the color of law and in his capacity as a Buffalo Police Detective Sergeant, intentionally and maliciously used the threat of filing charges against the Plaintiff as a means to force her into providing specific information that he required.

{H4024028.1}                                                                  11

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

11 of 19

When Plaintiff did not provide said information, he then filed charges against her for a crime he was well aware that she did not commit causing her to be falsely arrested and subjected to emotional damage.

51. Defendants **FANARA, AMMERMAN** and **GIRRANO**, while acting under the color of law, and in their capacity as a **COB** police officers, used the process of arrest in a perverted manner to obtain a collateral objective when **FANARA** filed charges against Plaintiff for a crime that he was aware she did not commit.

52. All criminal charges against the Plaintiff were finally dismissed by the Buffalo City Court on December 28, 2023.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT COB FOR FALSE ARREST/UNLAWFUL IMPRISONMENT

53. Plaintiff repeats, and re-alleges those allegations contained in paragraphs 1-52 as if fully set forth herein.

54. Defendant **COB** and the BPD intended to confine the Plaintiff by advising her counsel that they would allow counsel to accompany Plaintiff the next day. Defendant **FANARA** then sent Defendant **AMMERMAN, GIRRANO** and other BPD officers to arrest Plaintiff knowing she would have to spend the night in jail for a crime **FANARA** was aware Plaintiff did not commit.

55. Plaintiff was well aware that she was being taken from her children and placed into custody in which she did not consent for a crime that evidence shows she did not commit.

56. Plaintiff's confinement to jail was not otherwise privileged.

57. At said time and place Defendant **COB** wrongfully, unlawfully, maliciously, reasonable suspicious probable cause of any legal process, arrested and caused Plaintiff to be imprisoned, depriving her of her liberty.

{H4024028.1}

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

12

12 of 19

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS FANARA, AMMERMAN and GIRRANO FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff repeats, and re-alleges those allegations contained in paragraphs 1-57 as if fully set forth herein.

59. On or about April 17, 2023, Defendant **FANARA** advised Plaintiff that if she did not tell him who the shooter was, that he would arrest her for attempted murder and/or reckless endangerment knowing full well that it was not Plaintiff who shot at the man that assaulted her son.

60. On or about April 17, 2023, Defendant **FANARA** did advise Plaintiff's counsel that he would allow him to accompany Plaintiff to turn herself in the next day. At approximately 6:30 p.m. that same evening, Defendant **FANARA**, sent Defendant **AMMERMAN, GIRRANO** and BPD officers to Plaintiff's home to arrest her for a crime Defendant **FANARA** knew she did not commit on the holiest night of Ramadan.

61. The seizure, detention and restraint of Plaintiff was without cause and in violation of her federal and civil rights protected by the Constitution of the United States and 42 U.S.C. § 1983.

62. Once in custody of the BPD, Plaintiff, a deeply religious Muslim woman, was forced to strip for a body search in the presence of male officers. She was also forced to remove her hijab, niquab, chador, burqa and her under clothes which were kept from her until her release the next day.

63. That by their conduct and under the circumstances known to them, Defendants **FANARA, AMMERMAN** and **GIRRANO** intended to cause severe emotional distress, and such conduct made it certain that such distress would follow.

{H4024028.1}

13

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

13 of 19

64. That the aforementioned conduct of Defendants **FANARA**, **AMMERMAN**, **GIRRANO** and the BPD directly and proximately caused the Plaintiff severe emotional injury and distress.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS FANARA AMMERMAN and GIRRANO FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff repeats, and re-alleges those allegations contained in paragraphs 1-64 as if fully set forth herein.

66. That the aforesaid mentioned conduct of the Defendants **FANARA**, **AMMERMAN** and **GIRRANO** who were acting under the color of law, in their capacity as a BPD officers, caused the Plaintiff to reasonably fear for her personal safety.

67. That the Plaintiff did not consent to the actions of Defendants **FANARA**, **AMMERMAN**, **GIRRANO** and/or the BPD.

68. That the conduct of the Defendants **FANARA, AMMERMAN, GIRRANO** and the BPD was not just, authorized or privileged.

69. That the conduct of Defendants **FANARA, AMMERMAN, GIRRANO** and the BPD was so shocking and outrageous that it exceeded all reasonable bounds of decency.

70. That the aforementioned conduct of the Defendants **FANARA, AMMERMAN, GIRRANO** and the BPD directly and proximately caused the Plaintiff severe emotional injury and distress.

{H4024028.1}

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

14

14 of 19

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS FANARA, AMMERMAN AND GIRRANO FOR MALICIOUS ABUSE OF LEGAL PROCESS

71. Plaintiff repeats, and re-alleged those allegations contained in paragraphs 1-70 as if fully set forth herein.

72. Defendants **FANARA**, **AMMERMAN** and **GIRRANO** intentionally and maliciously used the threat of filing charges against the Plaintiff as a means to force her into providing specific information that they required. When Plaintiff did not provide said information, they then filed charges against Plaintiff for a crime they were well aware that she did not commit causing her to be falsely arrested and subjected to emotional damage.

73. Defendants **FANARA, AMMERMAN** and **GIRRANO,** while acting under the color of law, and in their capacity as a BPD officers, used the process of arrest in a perverted manner to obtain a collateral objective when they filed charges against Plaintiff for a crime that they were aware Plaintiff did not commit.

74. All criminal charges against the Plaintiff were finally dismissed by the Buffalo City Court on December 28, 2023.

## AS AND FOR A NINETH CAUSE OF ACTION AGAINST DEFENDANTS FANARA, AMMERMAN AND GIRRANO FOR FALSE ARREST/UNLAWFUL IMPRISONMENT

75. Plaintiff repeats, and re-alleged those allegations contained in paragraphs 1-74 as if fully set forth herein.

76. Defendant **FANARA** intended to confine the Plaintiff by advising her counsel that he would allow counsel to accompany her the next day for processing and then sent Defendants **AMMERMAN** and **GIRRANO** to arrest her the same evening, knowing it was the holiest night of Ramadan, and she would have to spend the night in jail for a crime he was aware she did not commit.

{H4024028.1}

15

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

15 of 19

77. Plaintiff was well aware that she was being taken from her children and placed into custody to which she did not consent, for a crime that evidence shows she did not commit.

78. Plaintiff's confinement to jail was not otherwise privileged.

79. At said time and place Defendants **FANARA, AMMERMAN** and **GIRRANO**, wrongfully, unlawfully, maliciously, without reasonable suspicious probable cause of any legal process, arrested and caused Plaintiff to be imprisoned, depriving her of her liberty.

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANT ERIE FOR MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. SECTION 1983

80. Plaintiff repeats, and re-alleged those allegations contained in paragraphs 1-79 as if fully set forth herein.

81. At all times herein relevant Defendant **ECDA** is employed by the Defendant **ERIE** to prosecute criminal cases within the County of Erie and on behalf of the People of the State of New York.

82. Upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the Defendant **ERIE** and the **ECDA** to inadequately train and supervise its employees within the **ECDA**.

83. Upon information and belief, by overlooking, excusing, or disregarding the wrongful conduct of its Assistant District Attorneys (including but not limited to Michael W. Held, Esq., Kristen S. Fischer, Esq. and Briana R. D. Miller, Esq.) Defendants **ERIE** and **EDCA** have adopted a rule or unwritten policy of deliberate indifference to unlawful conduct as complained of herein.

{H4024028.1}

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

16

16 of 19

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS ERIE AND THE ECDA FOR MALICIOUS PROSECUTION

84. Plaintiff repeats, and re-alleged those allegations contained in paragraphs 1-83 as if fully set forth herein.

85. On April 18, 2023, Plaintiff was arraigned in Buffalo City Court on Reckless Endangerment charges. At that time Plaintiff's counsel provided video to the Court and **ECDA** advising them that Plaintiff was not the perpetrator. Plaintiff's counsel met with Michael W. Held, Esq., Assistant District Attorney, to view the videos at the office of the **ECDA** immediately after that appearance. Mr. Held later advised that it was the decision of the **EDCA** to move forward with the Reckless Endangerment charge.

86. On April 18, 2023, **EDCA** provided Plaintiff's counsel with an arrest package which contained eye witness statements where each of the witnesses had advised Defendant **FANARA** and other BPD officers that the Plaintiff was **NOT** the person who shot at the criminal Complainant. The **ECDA** refused to drop the charges and/or offer a plea at that time.

87. On or about May 22, 2023, Plaintiff's counsel again met with members of the **ECDA** to discuss the videos, evidence and the matters before the Buffalo City Court. Wherein the **ECDA** again declined to drop/reduce the charges against Plaintiff.

88. On or about July 11, 2023, Plaintiff appeared with counsel before Hon. Peter J. Savage, III, for a felony hearing in which the People were not ready. At that time the **ECDA** offered a plea deal to the charge of Penal Law 120.14 (Menacing in the 2nd Degree).

89. On or about July 25, 2023, Plaintiff's counsel presented the Court and **ECDA** with a sworn statement from the criminal Complainant stating that he has already advised the BPD,

{H4024028.1}

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

17

17 of 19

**FANARA** and **ECDA** that Plaintiff did **NOT** shoot the gun and that he also gave his statement in writing to the BPD and **FANARA** stating that Plaintiff never shot the gun.

90. On or about September 14, 2023, Plaintiff and her counsel appeared in Buffalo City Court and served a Motion to Dismiss the Reckless Endangerment Charge for lack of evidence. At that time the **ECDA** filed a Misdemeanor Complaint for a violation of Penal Law 120.14 (Menacing in the 2nd Degree) and the Reckless Endangerment charge was dismissed.

91. Defendant **ECDA** continued the prosecution of the Plaintiff even though their complainant and other eye witnesses had advised their Assistant District Attorneys that Plaintiff is **NOT** the person who fired the gun.

92. On or about December 28, 2023 all remaining charges were dismissed against the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment as follows:

a. General compensatory damages against all defendants in such a sum as a jury may allow for damages, which sum exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action;

b. Exemplary or punitive damages against all defendants in such a sum as a jury may allow for damages, which sum exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action;

c. Attorney's fees pursuant to the provisions of 42 U.S.C. § 1988 should plaintiff be successful in Claim 4, made pursuant to 42 U.S.C. § 1983 together with costs and disbursements of this action;

d. With such other and further relief as the Court may deem just and proper.

{H4024028.1}

18

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
18 of 19

Dated: December 16, 2024
      Amherst, New York

**TIVERON LAW, PLLC**

*[signature]*

_____
Steven M. Cohen, Esq.
Attorneys for Plaintiff
2410 North Forest Rd., Ste 301
Amherst, New York 14068
Telephone: (716) 636-7600
Email: scohen@tiveronlaw.com

{H4024028.1}

19

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

19 of 19