UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TL-1 Doe

                    Plaintiff,                                    **ANSWER**

vs.

CITY OF BUFFALO,                                                 **Civil Action No.: 1:25-cv-00315**
CITY OF BUFFALO POLICE DEPARTMENT,
ERIE COUNTY DISTRICT ATTORNEY'S OFFICE,
COUNTY OF ERIE

                    Defendants.

---

Defendants, ERIE COUNTY DISTRICT ATTORNEY'S OFFICE, and COUNTY OF

ERIE, by their attorneys, JEREMY C. TOTH, Erie County Attorney and

CHRISTOPHER J. SASIADEK, Assistant County Attorney, of Counsel, for their Answer to

Plaintiff's Complaint, herein allege:

1.      Denies the allegations as phrased in paragraphs 10, 81, 82, 83, and 91 of

Plaintiff's Complaint.

2.      Denies knowledge or information sufficient to form a belief with respect to the

allegations contained in paragraphs 1, 2, 3, 4, 5, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23,

25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 54,

55, 56, 57, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 70, 72, 73, 74, 76, 77, 78, 79, 85, 86, 87, 88, 89,

90, and 92 of Plaintiff's Complaint.

3.      With respect to the allegations contained in paragraph 6 of Plaintiff's Complaint,

admits only that Defendant, County of Erie, was and is a municipal corporation with offices

located at 95 Franklin Street, Buffalo, New York 14202, but denies the balance of said allegation.

4.      With respect to the allegations contained in paragraph 7 of Plaintiff's Complaint, admits only that the Erie County District Attorney's Office is governed by the laws of the State of New York, but denies the balance of said allegation.

5.      With respect to the allegations contained in paragraph 8 of Plaintiff's Complaint, admits only that the County of Erie was served with a Notice of Claim on or about July 14, 2023, but denies the balance of said allegations.

6.      With respect to the allegations contained in paragraph 9 of Plaintiff's Complaint, admits only that the County of Erie and the Erie County District Attorney's Office were served with an Amended Notice of Claim on or about February 12, 2024, but denies the balance of said allegations.

7.      With respect to the allegations as phrased in paragraphs 24, 29, 38, 49, 53, 58, 65, 71, 75, 80, and 84 of Plaintiff's Complaint, repeats and re-alleges each and every admission and/or denial as if fully set forth herein.

8.      Denies each and every other allegation of Plaintiff's Complaint not heretofore specifically admitted or denied.

## **<u>AS AND FOR A FIRST DEFENSE</u>**

9.      Each cause of action fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

10. Each cause of action is time barred in whole or in part by the applicable statute of limitations and/or filing deadlines.

### AS AND FOR A THIRD DEFENSE

11. Upon information and belief, this court lacks jurisdiction over the person of the Defendants by reason of improper service of process.

### AS AND FOR A FOURTH DEFENSE

12. Upon information and belief, service of process was not properly effectuated upon the Defendants.

### AS AND FOR A FIFTH DEFENSE

13. The Defendants are immune from the instant suit and immune from any liability to Plaintiff for damages, since the said Defendants acted towards Plaintiff in good faith and with an objectively reasonable belief that their actions were lawful and not in violation of any of Plaintiff's clearly established constitutional rights. Consequently, Plaintiff's claims must be dismissed.

### AS AND FOR A SIXTH DEFENSE

14. Upon information and belief, Plaintiff's Complaint fails to comply with the requirements of the Prisoner Litigation Reform Act, 42 U.S.C. §1997e.

### AS AND FOR A SEVENTH DEFENSE

15. The Plaintiff cannot recover punitive damages against the County of Erie, the Erie County District Attorney's Office or any of its agents for acts in their official capacity.

## AS AND FOR AN EIGHTH DEFENSE

16.     Upon information and belief, Plaintiff has failed to mitigate the damages allegedly sustained as a result of the incident alleged in the Complaint.

## AS AND FOR A NINTH DEFENSE

17.     The Plaintiff may not recover against Defendants under a theory of respondeat superior liability.  Therefore, to the extent that Plaintiff's claims are based upon a theory of respondeat superior liability, Plaintiff's claims must be dismissed.

## AS AND FOR A TENTH DEFENSE

18.     Plaintiff has wholly failed to comply with the mandatory notice of claim requirements of New York State law as are applicable to any possible pendant State claims asserted in Plaintiff's Complaint.  Therefore, any pendent State claims asserted in Plaintiff's Complaint must be dismissed.

## AS AND FOR AN ELEVENTH DEFENSE

19.     Upon information and belief, if the Defendants are found to be liable to the Plaintiff for damages, their liability will be 50% or less of the total liability assigned to all persons liable.

20.     By reason of the premises, to the extent that Plaintiff's Complaint alleges claims arising under state law, any recovery by the Plaintiff for non-economic loss against the Defendants shall be limited to said Defendants' equitable share of liability in accordance with the provisions of Article 16 of the Civil Practice Law and Rules.

## AS AND FOR A TWELFTH DEFENSE

21.    Upon information and belief, any injuries or damages sustained by the Plaintiff as alleged in the Complaint were caused or contributed to by the negligence, carelessness or other culpable conduct of the Plaintiff.

22.    By reason of the premises, to the extent that Plaintiff's Complaint alleges claims arising under state law, the Plaintiff should be barred from recovery if his injuries and damages were caused entirely by reason of the culpable conduct on the part of the Plaintiff or, in the event that the Plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished by the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused or contributed to said injuries and damages.

## AS AND FOR A THIRTEENTH DEFENSE

23.    The actions of Defendants involved discretionary decisions, which are protected by quasi judicial immunity.

## AS AND FOR A FOURTEENTH DEFENSE

24.    Defendants alleges that any injuries that may have been sustained by plaintiff, as alleged in Plaintiff's Complaint, occurred as a direct result of plaintiff's negligent failure to exercise ordinary care.  Therefore, Plaintiff's alleged injuries were caused in whole or in part, or were contributed to, by plaintiff's own negligence, and not by any negligence of defendants.

## AS AND FOR A FIFTEENTH DEFENSE

25.    The County of Erie is not vicariously liable for the acts of its District Attorney or Assistant District Attorneys in the performance of criminal justice functions.

## AS AND FOR A SIXTEENTH DEFENSE

26.     The District Attorney is not vicariously liable for the acts of his deputies in the performance of their criminal justice functions.

## AS AND FOR A SEVENTEENTH DEFENSE

27.     Plaintiff may be barred from any recovery for injuries resulting from activity in which they assumed the risks associated with the activity in which they were engaged in at the time.

## AS AND FOR AN EIGHTEENTH DEFENSE

28.     The Complaint is barred, in whole or in part, for failure to comply with a condition precedent to commencement of an action against the Defendants as required by Article Four of the New York State General Municipal Law.

## AS AND FOR A NINETEENTH DEFENSE

29.     The damages alleged in the Complaint are attributable to the culpable conduct of others over whom the Defendants neither had, nor exercised any control.

## AS AND FOR A TWENTIETH DEFENSE

30.     Upon information and belief, the Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental, or qualified immunity available to municipalities in tort actions in the State of New York.

## AS AND FOR A TWENTY-FIRST DEFENSE

31.     Upon information and belief, no special relationship existed between the Plaintiff and the Defendants which would create a special duty to the Plaintiff.

## AS AND FOR A TWENTY-SECOND DEFENSE

32.     If Plaintiff reaches a settlement with one or more persons liable or claimed to be liable, the Defendants shall be entitled to a set off as against such settlement pursuant to General Obligations Law §15-108.

## AS AND FOR A TWENTY-THIRD DEFENSE

33.     Upon information and belief, the complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A TWENTY-FOURTH DEFENSE

34.     Any and all actions were carried out for legitimate and lawful reasons and not motivated by malice or discrimination.

## AS AND FOR A TWENTY-FIFTH DEFENSE

35.     Plaintiff's claims may be barred, in whole or in part, by the lack of "purposeful" discrimination.

## AS AND FOR A TWENTY-SIXTH DEFENSE

36.     Any and all actions and omissions were carried out in a reasonable manner.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

37.     Upon information and belief, Plaintiff's claims are barred, because Defendants' actions were reasonable steps to protect Defendants' own legal rights.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

38.     Upon information and belief, and without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against the Defendants or others for any alleged single wrong.

## AS AND FOR A TWENTY-NINTH DEFENSE

39.     Upon information and belief, the Complaint is barred, in whole or in part, on the grounds that the actions of the Defendants did not violate the Constitutional or legal rights of the Plaintiff.

## AS FOR A FIRST CROSS-CLAIM

40.     If Plaintiff sustained injury and damage as alleged in the Complaint and judgment is recovered against the County of Erie and/or Erie County District Attorney's Office, liability will have been brought about by reason of the culpable conduct of the Co-Defendant(s).

41.     The County of Erie is therefore entitled to judgment over and against said CoDefendant(s) for indemnification or contribution, in such amount as determined in accordance with the relative culpability of the parties.

## AS AND FOR A SECOND CROSS-CLAIM

42.     Upon information and belief, the County of Erie and Erie County District Attorney's Office are entitled to contractual indemnification and/or contribution from the Co-Defendant(s).

## JURY TRIAL DEMAND

43.     A trial by jury is hereby demanded on all issues in this matter.

**WEREFORE**, Defendants, COUNTY OF ERIE and ERIE COUNTY DISTRICT ATTORNEY'S OFFICE, respectfully demand judgment as follows:

1.     Dismissing the Complaint herein;

2.     Directing that the Plaintiff's damages, in the event that the Plaintiff is entitled to recover, be diminished by the proportion which the culpable conduct of the Plaintiff bears to the culpable conduct which caused or contributed to said damages; and

3.     Granting such other and further relief as the court deems just and proper, together with the costs and disbursements of this action.

DATED:     Buffalo, New York
            April 28, 2025

Yours truly,

JEREMY C. TOTH
Erie County Attorney
Attorney for Defendants,

By: _ s/ Christopher J. Sasiadek _
Christopher J. Sasiadek
Assistant County Attorney, of Counsel
95 Franklin Street, Room 1634
Buffalo, New York 14202
(716) 858-2200

To:     TIVERON LAW
        Steven M. Cohen, Esq.
        *Attorneys for Plaintiff*
        2410 North Forest Road, Ste 301
        Amherst, New York 14068
        (716) 636-7600
        scohen@tiveronlaw.com

CC:     CITY OF BUFFALO CORPORATION COUNSEL
        Robert E. Quinn, Esq.
        *Attorneys for City of Buffalo Defendants*
        65 Niagara Square, 1100 City Hall
        Buffalo, New York 14202
        (716) 851-4326
        rquinn@city-buffalo.com